IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LETA J. ATKINSON,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK N.A. TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST; DAVID L. IRVING; and JASON J. HENDERSON,<br><br>Defendants. | CV 22-43-GF-JTJ<br><br>MEMORANDUM AND ORDER |

## INTRODUCTION

Plaintiff Leta J. Atkinson (Atkinson) has brought this lawsuit *pro se* against Wells Fargo Bank N.A., (Wells Fargo), Wells Fargo's lawyer David L. Irving, and her own lawyer Jason J. Henderson. Atkinson alleges that the Defendants violated her rights under the Fourteenth Amendment of the United States Constitution when her house was sold in a non-judicial foreclosure sale.

Presently before the Court is Wells Fargo's motion to dismiss Atkinson's Complaint under Fed. R. Civ. P. 12(b)(6). Wells Fargo argues that Atkinson's Complaint should be dismissed because she has failed to allege a cognizable claim under the Fourteenth Amendment. Atkinson has filed no brief in opposition to the

motion. Atkinson's failure to file a response brief may be deemed an admission that the motion to dismiss is well-taken. L.R. 7.1(d)(1)(B)(ii).

## BACKGROUND

Atkinson obtained a loan in 2006 for $60,000. Atkinson secured the loan with a Deed of Trust against her home located at LA Drive 1, Popular, Montana. (Doc. 8-1). Atkinson defaulted on her loan payments. (Doc. 1 at 5). Carrington Mortgage Services, LLC, Wells Fargo's loan servicer, sent Atkinson notice of its intent to foreclose. *Id.* Wells Fargo proceeded to a foreclosure sale on November 1, 2019. *Id.*

Atkinson claims that she was the high bidder at the auction with a bid of $168,400. (Doc. 1 at 5). Atkinson was required to make a 10% down payment to secure the purchase. *Id.* Atkinson did not make the down payment. *Id.* The property was subsequently awarded to Wells Fargo as the second highest bidder. *Id.* Wells Fargo purchased the property for the debt credit bid of $138,641.73. *Id.*

Atkinson instituted the present action on May 16, 2022. (Doc. 1). Atkinson seeks an order allowing her to keep her house free of the debt owed to Wells Fargo. (Doc. 1 at 5).

2

## LEGAL STANDARDS

### A.   Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate Rule 12(b)(6) where the complaint lacks sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a Rule 12(b)(6) motion, the court must accept all allegations of material fact contained in the complaint as true. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

### B.   Pro Se Pleadings

Atkinson is proceeding *pro se*. The Court is required to construe Atkinson's pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## **DISCUSSION**

### A.   **Wells Fargo's Request for Judicial Notice**

Before evaluating Atkinson's claims, the Court must first consider Wells Fargo's request for judicial notice. Wells Fargo requests the Court to take judicial notice of the Deed of Trust that Atkinson executed in 2006 with respect to her home in Poplar. (Doc. 8 at 4). The Deed of Trust is attached to Wells Fargo's brief as Exhibit A. (Doc. 8-1). Atkinson has filed no brief in response to Wells Fargo's request for judicial notice.

Generally, a court's review on a motion to dismiss is limited to the complaint and the documents attached to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a court may take judicial notice of matters of public record." Public records include documents recorded by a county recorder's office. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1263-1264 (C.D. Cal. 2010).

Here, the Deed of Trust offered by Wells Fargo for judicial notice is a matter of public record, duly recorded with the Roosevelt County Clerk and Recorder. (Doc. 8-1 at 1). Atkinson has not challenged the authenticity or the accuracy of the Deed of Trust. Fed. R. Evid. 201(b) permits the Court to take

judicial notice of dates, parties, and legally operative language in the Deed of Trust because they are facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Wells Fargo's request for judicial notice is therefore GRANTED.

### B. Wells Fargo's Motion to Dismiss

Atkinson alleges that the Defendants violated her rights under the Fourteenth Amendment of the United States Constitution by foreclosing on and ultimately selling her house through Montana's non-judicial foreclosure process. The claims alleged by Atkinson, which are based on violations of the federal constitution, must be brought under the Civil Rights Act, 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). A plaintiff has no cause of action directly under the United States Constitution. *Id.*

Section 1983 creates a private right of action against individuals who, acting under color of state law, violate a plaintiff's federal constitutional rights. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege two essential elements: 1) that a right secured by the Constitution has been violated; and 2) that the alleged violation was committed by a person acting under the color of state law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To satisfy the "color of state law" requirement,

5

a plaintiff must show that the constitutional violations at issue are "fairly attributable to the government." *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997).

Here, the Defendants consist of two private attorneys and a private lending institution. Atkinson has not alleged that any of the Defendants are state actors. Atkinson alleges that the Defendants violated her Fourteenth Amendment rights by proceeding with a non-judicial foreclosure sale of her property. The Ninth Circuit Court of Appeals has held that a private entity's use of a non-judicial foreclosure proceeding does not qualify as "state action" for purposes of § 1983. *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003). Atkinson's claims under the Fourteenth Amendment therefore fail as a matter of law.

C. **Leave to Amend**

The Court must consider whether it should grant Atkinson leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Leave to amend is to be granted more liberally to a *pro se* plaintiff. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). However, a court need not grant a *pro se* plaintiff leave to amend when it is clear that the deficiencies of the complaint cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, it is clear that none of Atkinson's claims under the Fourteenth Amendment can be cured by amendment. No cognizable claim exists under the Fourteenth Amendment against any of the Defendants. None of the Defendants are state actors, and the non-judicial foreclose sale at issue fails to qualify as state action.

Accordingly, IT IS HEREBY ORDERED:

1.  Wells Fargo's Motion to Dismiss (Doc. 6) is GRANTED.

2.  Atkinson's Complaint is DISMISSED with prejudice.

3.  The Clerk is directed to enter judgment accordingly.

DATED this 17th day of October, 2022.

John Johnston
United States Magistrate Judge